UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| **JENNIFER NELSON**, an individual,<br><br>Plaintiff,<br><br>v.<br><br>**CAPTIVA EROSION PREVENTION DISTRICT**,<br><br>Defendant. | CIVIL ACTION<br><br>Case No. 2:22-cv-411<br><br>Judge:<br><br>Mag. Judge: |

## COMPLAINT AND DEMAND FOR JURY TRIAL

**NOW COMES** the Plaintiff, **JENNIFER NELSON** ("**NELSON**" or "Plaintiff"), by and through undersigned counsel, and states the following for her Complaint:

### CAUSES OF ACTION

1. This is an action brought via 42 U.S.C. §1983 and Florida's Public Whistleblower Act (PWA) for (1) gender discrimination, (2) retaliation, and (3) retaliation in violation of the PWA.

### PARTIES

2. The Plaintiff, **JENNIFER NELSON** ("**NELSON**" or "Plaintiff") is an individual and was a resident of Lee County, Florida at all times relevant to this action, and was employed by the Defendant in Lee County, Florida.

1

3. Defendant, **CAPTIVA EROSION PREVENTION DISTRICT** ("CEPD" or Defendant) is an independent special district under Florida law, and employed **NELSON** in Lee County, Florida. The Defendant is not an arm of the State of Florida.

## JURISDICTION AND VENUE

4. This Court has jurisdiction of this matter under 28 U.S.C. §1331.

5. This Court has supplemental jurisdiction over **NELSON**'s state law claims pursuant to 28 U.S.C. § 1367.

6. Venue is proper in the United States District Court for the Middle District of Florida because the Plaintiff resides in, and the Defendant conducts business in, and some or all of the events giving rise to Plaintiff's claims occurred in Lee County, Florida, which is within the Middle District of Florida. Venue is proper in the Fort Myers Division since Lee County is within the Fort Myers Division.

7. **NELSON** complied with any applicable pre-suit requirements under F.S. §112.3187(8).

## GENERAL ALLEGATIONS

8. **NELSON** began her employment on January 4, 2021, and was employed as its Executive Director, and she reported to the Defendant's Board of Commissioners.

9. **NELSON** always performed her assigned duties in a professional manner and was very well qualified for her position.

10. Beginning in 2021, **NELSON** began to experience gender-based harassment and sexual harassment.

11. Around the same time, Board Member Rene Miville began involving himself heavily in the day-to-day operations of the Defendant that **NELSON** was entrusted with performing.

12. Mr. Miville repeatedly questioned **NELSON** as to her status as a single mom and how she could thus be trusted to perform her job duties. He also referred to her as just "a sorority-girl act."

13. Furthermore, when Miville learned there were two well-qualified female job applicants for the Sanibel Captiva Conservation Foundation, he stated to **NELSON** that he was going to contact the CEO of the Sanibel Captiva Conservation Foundation and ask him "Italian to Italian… which one is hotter," or words to that effect.

14. **NELSON** immediately objected to Mr. Milville's injection of gender and physical appearance into the Defendant's hiring process, including doing so in a signed, written complaint on February 5, 2022, which was sent to the Defendant's attorney and the Chairman of the CEPD.

15. Furthermore, **NELSON** objected to gender discrimination in regard to her pay being disproportionately low compared to a subordinate male member of staff who the Defendant was paying at nearly the same salary as her.

16. On or about February 24, 2022, **NELSON** sent a signed, written complaint to the Defendant's attorney and its Commission Chair. In it, **NELSON** detailed the following:

Salary Disparity:

As you know, a salary analysis was performed by HR Consultant Angela Pruitt, which recommended salary increases for me and the Director of Operations, who is male. While Vice Chairman Miville has stated that he does not wish to honor the same salary adjustment given to my Director of Operations during our February 7, 2022 board meeting, and I believe that the reason for this amounts to gender discrimination. Granting the male employee the recommended salary increase but denying the female employee the same recommended salary increase bespeaks gender discrimination. I want to be treated equally.

Harassing comments based on gender

- Ryan Orgera former CEO of the Sanibel Captiva Conservation Foundation reported this incident in May of 2021 to me and 2 other CEPD commissioners. Regarding interviews Mr. Orgera was conducting of females, Miville asked him "Italian to Italian" which of the women, referring to their bodies and physical appearance, he was interviewing at the time was "hotter." This is appalling and would suggest a gender-based, or sexual-based, animus was present for those interviews, unbeknownst to the interviewees.
- Mr. Miville then contacted one of my female employees Laura Pegler to speak ill of me and my performance and referred to my appearance on CEPD a social media post as a "Sorority Girl Act."

Sunshine Law Violations

4

- Mr. Miville has asked me to contact the other commissioners regarding upcoming votes. I do not believe that administrative officers or staff who serve public boards can poll board members on issues which will foreseeably come before the board without it being a Sunshine Law violation. When I refused to assist him in violating the Sunshine law, he engaged in a campaign against me on 1/13/2022.
- I have serious concerns that Mr. Miville has called other commissioners and performed closed door balloting.

17. On or about April 4, 2022, **NELSON** was contacted by an attorney for the Defendant who had been retained to investigate **NELSON**'s complaints detailed above.

18. The Defendant's outside attorney requested **NELSON** participate in the investigation, which **NELSON** did.

19. On May 16, 2022, **NELSON** appeared for an interview with the Defendant's outside attorney wherein she disclosed all of the foregoing and provided additional details.

20. On June 13, 2022, just a few hours before the Defendant's Board of Commissioners' meeting, Mr. Miville added an agenda item that was the termination of **NELSON**.

21. At that June 13th meeting, Mr. Miville introduced the termination of **NELSON** and the Defendant then voted to terminate her without cause.

22. At the time of she made her statutorily protected activity, **NELSON** was not the subject of any disciplinary or termination process, and thus her

5

disclosures did not occur after the Defendant's adverse personnel action against her.

23. **NELSON**'s termination was not part of a *bona fide* reduction in force.

24. There was no budgetary need to terminate **NELSON**.

25. **NELSON** received a positive performance review from the Defendant's Chairman until she engaged in statutorily protected activity.

26. As a direct and proximate result of reporting of the Defendant's violations of law to the appropriate local official – the Board attorney and Board Chair – and her participation in an investigation, **NELSON** was terminated by the Defendant.

27. As such, **NELSON** was wrongfully terminated in violation of federal and Florida law.

## COUNT I – GENDER DISCRIMINATION

28. Plaintiff incorporates by reference Paragraphs 1-27 of this Complaint as though fully set forth below.

29. This Count is brought via 42 U.S.C. §1983.

30. **NELSON** is a female and, as such, is a member of a protected class.

31. At all material times, **NELSON** was an employee and the Defendant was her employer.

32. **NELSON** was qualified for the positions that she held with the Defendant.

33. **NELSON** complained to the Defendant about the gender harassment and discrimination she was suffering, and the Defendant clearly observed her growing discomfort concerning the same.

34. The gender-based harassment and discrimination was perpetrated by a policy-maker of the Defendant, which was then ratified by the Defendant's Board.

35. **NELSON**'s gender was a proximate cause of the Defendant's negative employment actions against **NELSON**.

36. The Defendant acted under the color of state law, and has violated the Equal Protection Clause.

37. **NELSON** has lost all of the benefits and privileges of her employment and has been substantially and significantly injured in her career path.

38. As a direct and proximate result of the prohibited acts perpetrated against her, **NELSON** is entitled to all relief necessary to make her whole.

39. As a direct and proximate result of the Defendant's actions, **NELSON** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

    i.      Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

    ii.     Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

    iii.    Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

    iv.    Reasonable attorney's fees plus costs;

    v.     Compensatory damages, and;

    vi.    Such other relief as this Court shall deem appropriate.

## COUNT II – RETALIATION

40. Plaintiff incorporates by reference Paragraphs 1-27 of this Complaint as though fully set forth below.

41. This Count is brought via 42 U.S.C. §1983.

42. Following **NELSON**'s statutorily protected activity, the Defendant retaliated by altering the terms and conditions of her employment by terminating **NELSON**.

43. **NELSON**'s objection to gender-based harassment and discrimination constitutes a protected activity because such objections were in furtherance of rights secured to her by law.

44. Said protected activity was the proximate cause of the Defendant's negative employment actions against **NELSON** including changed working conditions, discipline, and ultimately termination.

45. The acts, failures to act, practices and policies of the Defendant set forth above constitute retaliation in violation of the Equal Protection Clause.

46. **NELSON** has lost all of the benefits and privileges of her employment and has been substantially and significantly injured in her career path.

47. As a direct and proximate result of the prohibited acts perpetrated against her, **NELSON** is entitled to all relief necessary to make her whole.

48. As a direct and proximate result of the Defendant's actions, **NELSON** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

   i. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

ii. Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iii. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of the Defendant's actions;

iv. Reasonable attorney's fees plus costs;

v. Compensatory damages, and;

vi. Such other relief as this Court shall deem appropriate.

## COUNT III – VIOLATION OF FLORIDA'S PUBLIC WHISTLEBLOWER ACT (PWA)

49. Plaintiff incorporates by reference Paragraphs 1-27 of this Complaint as though fully set forth below.

50. This Count is timely brought under F.S. §112.3187(8)(b) and (c) as **NELSON** has exhausted all available administrative remedies.

51. At all material times, **NELSON** was an employee, and the Defendant was her employer covered by and within the meaning of the PWA.

52. **NELSON** was qualified for the position that she held with the Defendant.

53. **NELSON** did engage in statutorily protected activity.

54. **NELSON** did make several disclosures of the Defendant's violations of federal, state, and/or local laws, rules, and/or regulations committed which

created and presented a substantial and specific danger to the public's health, safety, or welfare.

55. **NELSON** did make several disclosures of the Defendant's gross mismanagement, malfeasance, misfeasance, nonfeasance, and/or neglect of duty.

56. **NELSON** did suffer adverse employment action, which is causally linked to her engagement in statutorily protected activity.

57. **NELSON** made her written disclosures on her own initiative to the appropriate local officials and participated in an investigation.

58. **NELSON**'s complaints and disclosures constitute a protected activity because her complaints and disclosures were concerning an unlawful activity of the Defendant.

59. Said protected activity was the proximate cause of the Defendant's negative employment actions against **NELSON**, which included **NELSON**'s termination.

60. Instead of investigating **NELSON**'s complaints regarding violations of law, rules and/or regulations or gross mismanagement, malfeasance and misfeasance of the Defendant, the Defendant retaliated against **NELSON** by terminating her employment.

61. The acts, failures to act, practices and policies of the Defendant set forth above constitute retaliation in violation of the PWA.

62. As a direct and proximate result of the violations of the PWA, as referenced and cited herein, **NELSON** has lost all of the benefits and privileges of her employment and have been substantially and significantly injured in her career path.

63. As a direct and proximate result of the violations of the PWA, as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against her, **NELSON** is entitled to all relief necessary to make her whole as provided for under the PWA.

64. As a direct and proximate result of the Defendant's actions, **NELSON** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Back pay and all other benefits, perquisites and other compensation for employment which Plaintiff would have received had she maintained her position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

ii. Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

    iii.    Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

    iv.    Reasonable attorney's fees plus costs;

    v.    Compensatory damages, and;

    vi.    Such other relief as this Court shall deem appropriate.

## DEMAND FOR JURY TRIAL

**NOW COMES** the Plaintiff, **JENNIFER NELSON**, by and through her undersigned attorneys, and demands a jury trial under Federal Rule of Civil Procedure 38 on all issues triable of right by a jury in this action.

Respectfully submitted,

Dated: July 7, 2022    **/s/ Benjamin H. Yormak**
    Benjamin H. Yormak
    Florida Bar Number 71272
    Lead Counsel for Plaintiff
    Yormak Employment & Disability Law
    27200 Riverview Center Blvd., Suite 109
    Bonita Springs, Florida 34134
    Telephone: (239) 985-9691
    Fax: (239) 288-2534
    Email: byormak@yormaklaw.com